# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| ALEXANDRIA JORDAN LOCKWOOD, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:21-CV-1480-M-BH |
| ) | |
| MUNICIPALITIES, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is the *pro se* plaintiff's "Mandamus to Compel Change of Magistrate Judge," filed on July 7, 2021 (doc. 11). Because the filing alleges "contempt of mandamus, civil rights and constitutional rights, discrimination, and prejudicial vexatious treatment violations" by the assigned magistrate judge, it is liberally construed as a motion to recuse.

A judge is required to stand recused "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "As the goal of § 455(a) 'is to exact the appearance of impartiality,' recusal may be mandated even though no actual partiality exists." *United States v. Avilez-Reyes*, 160 F.3d 258, 259 (5th Cir. 1998) (quoting *Hall v. Small Business Admin.*, 695 F.2d 175, 178 (5th Cir. 1983)). To merit recusal, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1165 (5th Cir. 1982). Adverse rulings do not render the judge biased, however. *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [T]hey . . . can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

recusal." *Liteky v. U.S.*, 510 U.S. 540, 555 (1994).

Here, although the plaintiff generally alleges violation of her rights, she does not cite any relevant, extrajudicial information that would cause a reasonable person, knowing all the circumstances, to question the impartiality of the assigned magistrate judge. Because it presents no valid grounds for recusal, the motion for recusal is denied.

**SO ORDERED this 8th day of July, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE