IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDRIA JORDAN LOCKWOOD, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:21-CV-1480-M-BH |
| ) | |
| MUNICIPALITIES, et al., ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Before the Court is the plaintiff's "Mandatory right for immediate ex parte restraining orders and injunctions against Defendants," filed June 24, 2021 (doc. 4), which is liberally construed as a motion for injunctive relief. Based on the relevant filings and applicable law, the motion should be **DENIED**, and the case should be **DISMISSED**.

**I. BACKGROUND**

On June 24, 2021, the *pro se* plaintiff filed her "Writ of Mandamus Enforceable," with more than 200 pages of attachments, against a four-page listing of defendants, including cities, states, courts, private entities, public and private officials, and individuals from across the country. (*See* doc. 3 at 1;[2] doc. 3-1 at 2-7.) She appears to allege that only three of those defendants specifically named, i.e., the City of Dallas, Dallas County, and the Department of Motor Vehicles in Dallas, Texas, are located in this district. (doc. 3-1 at 2-7.) The plaintiff initially claims that "more than 250 collective individuals and entities" have committed "more than 160 separate indictable offenses of physical violence, brutality, torture, aggravated batteries, assaults, aggravated batteries with the presence of deadly weapons, criminal confinements, intentional severe inflictions of emotional

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

distress, crimes, torts, and criminal domestic violence" against her, although she later states that she is an unwilling victim of more than 350 and 1,000 "severe separate indictable" interstate federal crimes over many years. (*See id.* at 1, 3, 4; doc. 4 at 5.) Her claims appear to be based on her involuntary hospitalization in Arizona and the Eastern District of Texas. (*See* doc. 3-3 at 5-24.)[3] The only allegation apparently relating to this district is the plaintiff's claim that the "United States Police Department has witnessed the defendants' premeditated homicide attempt against" her in June 2015 in Dallas. (*See* doc. 3 at 4.)

Plaintiff appears to seek to compel officials to perform their duties to investigate and indict the defendants for the crimes allegedly committed against her, as well as monetary damages of "not less than $190,000,000." (*See* doc. 3 at 1-4; doc. 3-2 at 24-28; doc. 3-5 at 1; doc. 3-8; doc. 3-14 at 1-2; doc. 3-10 at 1, 24; doc. 4.) She also seeks injunctive relief, alleging that she "will continue to suffer ongoing irreparable injuries without the required and requested relief and [that] there is a great likelihood that defendants' [sic] will attempt to murder" her, as they previously attempted to do in 2015 through the use of an explosive device. (*See* doc. 3 at 4.) In addition to specifically seeking a writ of mandamus under 28 U.S.C. § 1651, she also recites a number of civil statutes, law reports, criminal statutes, and rules of criminal procedure, as bases for her claims. (*See* doc. 3 at 1-2; doc. 7.) No process has been issued.

## II. PRELIMINARY SCREENING

Because the plaintiff has been permitted to proceed *in forma pauperis*, her complaint is

---

[3] Plaintiff also claims that she has previously attempted to file suit in the United States Court of Appeals for the District of Columbia and in the United States Supreme Court, but her lawsuits were not docketed, and she pursued "judicial remedies in April 2015 in Dallas, Texas where she was subsequently retaliated against." (*See* doc. 3-2 at 3, 6, 8, 14; doc. 3-3; doc. 3-4; doc. 3-9; doc. 3-10 at 21-22.) She attaches a copy of her amended complaint in her lawsuit in the District of Columbia. (See doc. 3-3.) She also contends that she has submitted more than 1500 job applications but has not received any job offers despite her qualifications. (*See* doc. 3-2 at 3, 6-7.)

2

subject to judicial screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts

> may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. VENUE

The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for the plaintiff's claims. Section 1391(b) provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2)

> a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(West Supp. 2014). Here, only three of the numerous defendants named in the complaint or amended complaint are specifically alleged be located or reside in the Northern District of Texas. It is unclear whether any of the events or omissions giving rise to the plaintiff's claims occurred here; her only allegation relating to this district is her claim that the "United States Police Department has witnessed the defendants' premeditated homicide attempt against" her in June 2015 in Dallas. Because she does not specify which defendants were allegedly involved, it appears that venue does not appear to lie in this district for at least some of the plaintiff's claims.

Section 1406(a) of Title 28 of the United States Code provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406. Courts may transfer a case *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.,* 886 F.2d 758, 761 (5th Cir. 1989); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987). They have broad discretion in determining the propriety of a transfer. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

Here, even if it were possible to separate and sever the plaintiff's claims, it is not in the interest of justice to transfer those claims to the appropriate districts because, as discussed below, she fails to state a claim. All claims against the numerous defendants named in the complaint or amended complaint who are not located or reside in the Northern District of Texas, or who were not involved in any events or omissions which occurred in this district and gave rise to the plaintiff's

4

claims, should be dismissed without prejudice based on improper venue.

## IV.  MANDAMUS

As noted, the plaintiff specifically invokes the All Writs Act, 28 U.S.C. § 1651(a), and appears to seek an order compelling the investigation and prosecution of the many crimes she contends were committed against her.

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdiction and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As provided by 28 U.S.C. § 1361, "[t]he district courts [] have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The common-law writ of mandamus, as codified in [this statute], is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  It "is an extraordinary remedy for extraordinary causes." *In re Corrugated Container Antitrust Litig. v. Mead Corp.*, 614 F.2d 958, 961-62 (5th Cir.1980) (internal citations and quotations omitted).

Mandamus relief is not available to compel federal actors to investigate or prosecute crimes. *See United States v. Cowan*, 524 F.2d 504, 511 (5th Cir. 1975) (federal courts are "without power to issue mandamus or other order to compel prosecution since such direction would violate the traditional Separation of Powers Doctrine" ); *see also Na'im v. Jackson*, No. 3:17-cv-2121-L-BN, 2017 WL 4570714, at *1-2 (N.D. Tex. Aug. 15,  2017), *rec. adopted*, 2017 WL 4548447 (N.D. Tex. Oct. 12, 2017) ("'mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators'" ) (collecting cases);

5

*Wells v. Department of Social Services*, No. 09-469-C, 2009 WL 3150469, at *2 (M.D. La., Sept. 29, 2009) (same) (collecting cases). Federal district courts also do not have the power to issue a writ of mandamus against state courts, officers or agencies. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir.1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275–76 (5th Cir.1973) (federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought). Any claims for mandamus relief to compel federal or state defendants in this district to investigate and prosecute alleged crimes against the plaintiff, or against any non-governmental private party or individual, should be dismissed as frivolous or for failure to state a claim.

## V. CRIMINAL STATUTES

The plaintiff's filings could also be construed as seeking to enforce criminal statutes. Violations of criminal statutes do not give rise to a private cause of action, however. *See Hanna v. Home Insurance Co.*, 281 F.2d 298, 303 (5th Cir.1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."), *cert. denied*, 81 S.Ct. 751 (1961); *see also Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). "[D]ecisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion;" private citizens have "no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F.App'x 261,

6

262–63 (5th Cir. 2005) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007) (private party may not enforce criminal statutes through a civil action). To the extent that the plaintiff seeks to enforce criminal statutes against any defendants in this district by this lawsuit, she fails to state a claim upon which relief may be granted.

## VI. CIVIL CLAIMS

The plaintiff's complaint may also be liberally construed as seeking to assert civil claims and/or claims for violation of her constitutional rights. To the extent her claims are asserted against any defendant who is located or resides in this district, or who was involved in any events or omissions which occurred in this district and gave rise to the plaintiff's claims, she fails to state a claim. Her allegations are conclusional, and she provides no specific details about the involvement of any defendants in any events that occurred in this district and that are the basis of her claims. Her general allegations and formulaic recitation of statutes are insufficient to state a plausible claim. *See Twombly*, 550 U.S. at 555.

Moreover, under § 1915(e), a court is not bound to accept without question the truth of a *pro se* plaintiff's allegations. *Denton*, 504 U.S. at 32-33. The absence of material facts, combined with the irrational nature of a claim, can support a finding of factual frivolousness. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990). The plaintiff's claims that hundreds of crimes were committed against her by hundreds of defendants who are attempting and have attempted to murder her, lack an arguable basis in fact because they are based on a fantastical or delusional scenario. Her claims should be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28; *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (district court did not abuse its discretion by finding that the

7

assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional).

### VII. OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed by court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A pro se plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff's original complaint is supported by more than 200 pages of attachments, including her filings in a prior lawsuit, and she has amended her complaint in this case once as a matter of course. This is not the first lawsuit in which she has asserted the same or similar allegations against defendants all over the country based on a fantastical or delusional scenario, and she seeks relief that is unavailable in the form of a writ of mandamus to compel the investigation and prosecution of the alleged crimes against her, as well as enforcement of criminal statutes.

8

Because she appears to have pled her best case, no further opportunity to amend is warranted.

## VIII. INJUNCTIVE RELIEF

A preliminary injunction can be issued only after notice to the adverse party. *See* Fed. R. Civ. P. 65(a)(1). A court may issue a temporary restraining order (TRO) without notice to the adverse party if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

The plaintiff has not shown that she has given the defendants notice of her request for injunctive relief. Neither has she satisfied the requirements in Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required.

In addition, the plaintiff must satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008); *see also White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain preliminary injunctive relief, the movant must establish that: (1) she is likely to succeed on the

9

merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in her favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted); *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). The movant bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). If she fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

Here, the plaintiff's motion does not specifically address the requirements for a preliminary injunction, so she has not carried her heavy burden to show that a TRO or preliminary injunction should issue in this case. Nevertheless, because she has failed to state a claim, she cannot show that she is likely to succeed on the merits, as required for injunctive relief.

## IX. RECOMMENDATION

The plaintiff's motion for injunctive relief should be **DENIED**. Her claims against all defendants who are not located or reside in the Northern District of Texas, or who were not involved in any events or omissions which occurred in this district and gave rise to the plaintiff's claims, should be **DISMISSED without prejudice** based on improper venue. Her claims against the defendants who are located or reside in this district, or who were allegedly involved in any events or omissions which occurred in this district and gave rise to the plaintiff's claims, should be **DISMISSED with prejudice** as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED on this 9th day of July, 2021.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE