IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALEXANDRIA JORDAN LOCKWOOD, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:21-CV-1480-M-BH |
| ) | |
| MUNICIPALITIES, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Before the Court is the plaintiff's "Notice and Motion, Power of Private Citizen to Institute Criminal Proceedings, Mandamus, in support of Indictment or Information and Affidavit to a Magistrate Judge," filed August 20, 2021 (doc. 19). Based on the relevant filings and applicable law, the motion should be liberally construed as seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) and **DENIED**.

### I. BACKGROUND

On June 24, 2021, the *pro se* plaintiff filed a "Writ of Mandamus Enforceable," with more than 200 pages of attachments, against a four-page listing of defendants, including cities, states, courts, private entities, public and private officials, and individuals from across the country. (*See* doc. 3 at 1;[2] doc. 3-1 at 2-7.) She alleged that "more than 250 collective individuals and entities" had committed "more than 160 separate indictable offenses of physical violence, brutality, torture, aggravated batteries, assaults, aggravated batteries with the presence of deadly weapons, criminal confinements, intentional severe inflictions of emotional distress, crimes, torts, and criminal domestic violence" against her, although she later states that she is an unwilling victim of more than

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

350 and 1,000 "severe separate indictable" interstate federal crimes over many years. (doc. 3-1 at 1, 3, 4; doc. 4 at 5.) Her claims seem to arise from her involuntary hospitalization in Arizona and the Eastern District of Texas. (*See* doc. 3-3 at 5-24.) The plaintiff appeared to seek to compel officials to perform their duties to investigate and indict the defendants for the crimes allegedly committed against her, as well as monetary damages of "not less than $190,000,000." (*See* doc. 3 at 1-4; doc. 3-2 at 24-28; doc. 3-5 at 1; doc. 3-8; doc. 3-14 at 1-2; doc. 3-10 at 1, 24; doc. 4.) She sought injunctive relief and a writ of mandamus under 28 U.S.C. § 1651, and also recited a number of civil statutes, law reports, criminal statutes, and rules of criminal procedure, as bases for her claims. (*See* doc. 3 at 1-2; doc. 7.)

The plaintiff was allowed to proceed *in forma pauperis* (IFP) by order dated June 30, 2021. (*See* doc. 10.) After the screening of her claims as required by the IFP statute, on July 9, 2021, it was recommended that (1) her motion injunctive relief be denied; (2) her claims against all defendants who are not located or reside in the Northern District of Texas, or who were not involved in any events or omissions which occurred in this district and gave rise to her claims, be dismissed without prejudice based on improper venue; and (3) her claims against the defendants who are located or reside in this district, or who were allegedly involved in any events or omissions which occurred in this district and gave rise to her claims be dismissed with prejudice as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). (*See* doc. 14.) The recommendation was accepted over the plaintiff's objections on August 16, 2021, and her complaint was dismissed. (*See* docs. 15, 17, 18.)

On August 20, 2021, the plaintiff filed her 7-page single-spaced "Notice and Motion" with attachments. (*See* doc. 19.) It appears to contend that she has power to institute criminal

2

proceedings without authorization of a prosecuting attorney and seeks to compel "Orders Mandatory Affirmative Ruling in Favor of Plaintiff for Immediate Preliminary Mandatory Right to Expedited Forwarding of Costs, Fees, Money, Monetary Damages, Sanctions on the United States Government." (*See id.* at 1.) The plaintiff seems to argue that she has been and continues to be subjected to harm, and that she is entitled to damages to compensate her for that harm, to assistance in quantifying and remedying that harm, and to the prosecution of those causing injury to her. (*See id.* at 1-7.) Because she appears to challenge the judgment of dismissal, her filing is properly liberally construed as a motion to alter or amend judgment.

## II.  RULE 59(e)

The plaintiff's motion to alter the judgment was filed less than 28 days after its entry. "When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit." *Williams v. Thaler*, 602 F.3d 291, 303 & n. 10 (5th Cir. 2010). Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Because it was filed within 28 days, the plaintiff's motion is properly considered under Rule 59(e). *See McGrew v. McQueen*, 415 F. App'x 592, 594-95 (5th Cir. 2011) (liberally construing pro se motion to reopen case that had been filed within twenty-eight days of dismissal as arising under Rule 59(e)).

To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for

3

rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

The plaintiff's filing appears to essentially re-urge the same claims she previously asserted in her complaints and related filings. *See Barela v. Underwood*, No. 3:18-CV-2353-G-BH, 2020 WL 4550417, at *7 (N.D. Tex. July 9, 2020) (citing *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075, at *1 (S.D. Tex. Jun. 2, 2010) ("It is not proper to use Rule 59(e) to re-litigate or get 'a second bite of the apple' on previously addressed issues by the parties or the Court.")). She has not identified an intervening change in controlling law, the availability of new evidence not previously available, a manifest error of law or fact in relation to the dismissal of this case, or any other extraordinary circumstances justifying alteration or amendment of the judgment of dismissal. She has not shown that the extraordinary relief provided by Rule 59(e) is justified in this case.

### IX.  RECOMMENDATION

The plaintiff's motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) should be **DENIED**.

**SO RECOMMENDED on this 24th day of August, 2021.**

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE